UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.11-81120-Civ-Hurley/Hopkins

JONATHAN NORFOLK

    Plaintiff,

v.

RONALD R. COMPARATO,
and ULTRA LITE, LLC.,

    Defendants.

_____/

FILED by _____ D.C.
JUL 1 2 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY (DE 9) AND DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (DE 18)

**THIS CAUSE** is before this Court upon two cross-motions: (1) Defendant Ultra Lite, LLC's Motion to Overrule Plaintiff Jonathan Norfolk's Objections and Compel Plaintiff Jonathan Norfolk's [sic] to Provide Better answers to Boecher Interrogatories, (DE 9); (2) Plaintiff's Motion for Protective Order. (DE 18).[1]

### DISCUSSION

#### I. Defendant's Motion to Compel Discovery

Interrogatory No. 1:

Plaintiff's filing of a better answer to this Interrogatory is sufficient. (DE 13-3, p.2). In

---

[1] Plaintiff's Motion for Protective Order is contained in the same document as Plaintiff's Response to Defendant's Motion to Overrule Plaintiff's Objections to Interrogatories and to Compel Better Responses. (DE 17). Essentially, Plaintiff's Response to Ultra Lite's Motion and Plaintiff's Motion for Protective Order are one and the same. This Court addresses both of them together.

1

it, Plaintiff states that "no information is being withheld as a result of the objection." *Id.* From this statement that "no information is being withheld," Plaintiff is necessarily certifying that the information produced is the only responsive information in his attorneys' possession. If Defendant later finds out that this is false, Defendant has a remedy in the form of sanctions. *See* Fed. R. Civ. P. 37.

Defendant's Motion to Compel Better Answers as to Interrogatory No.1 is **DENIED**.

Interrogatory No. 2:

This Interrogatory seeks information about whether any of Plaintiff's lawyers have represented any of Plaintiff's doctors. (DE 9, p.3–4). Plaintiff asserts attorney-client privilege and relies on Fla. Stat. § 90.502(1)(c) and Fla. Bar Reg. R. 4-1.6. The former statute deals with confidential "communications." The Interrogatory does not seek communications but only for Plaintiff to identify "which of 'your doctors'[2] (family members or office staff) have been represented [by Plaintiff's lawyers][3] and the time frame within which each occurred." (DE 9, p.3–4). At the outset, this Court notes that Plaintiff has failed to provide a privilege log as is required by the Federal Rules of Civil Procedure and by this Court's Local Rules. Local Rule 26.1 specifically states that when a party does not answer an interrogatory based on a claimed privilege, that party must provide a privilege log. S.D. Fla. L.R. 26.1(g)(3)(B)–(C).

---

[2] As defined in the Interrogatories, "[t]he term 'your doctors' includes all physicians, medical consultants, examiners, medical facilities, chiropractors, therapists, nurses and all other healthcare providers (including staff) who have reviewed your medical records/films or seen, treated, examined or provided other serviced, [sic] to you for things you allege were caused by the February 23, 2010 incident." (DE 9, p.3, n.2).

[3] As defined in the Interrogatories, "[t]he term 'your lawyers' means individual attorneys and law firms, who now represent you for this action or with whom you have ever had a contract related to the claims you allege arose on February 23, 2010." (DE 9, p.3, n.2).

2

In any event, neither Plaintiff nor Defendant cites to a case that addresses the question of whether mere identities, or the mere fact of a representation—as distinguished from "communications" between client and lawyer—can be protected by the attorney-client privilege.

"'[T]he identity of a client, or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose, * * *.'" *Frank v. Tomlinson*, 351 F.2d 384 (5th Cir. 1965) (agreeing with and quoting *Colton v. United States*, 306 F.2d 633 (2d Cir. 1962))[4]; *see also Thompson v. Cincinnati Ins. Co.*, No. 3:10cv318/RS/EMT; 2010 WL 4667100, *3 (N.D. Fla. 2010) ("The attorney-client privilege protects the confidentiality of communications within the attorney-client relationship, not the external trappings of the relationship, such as facts relating to the creation or existence of the attorney-client relationship.").

In some circumstances mere identities of clients are privileged. *See Cory v. Meggs*, 498 So. 2d 508 (Fla. 1st DCA 1986) (applying § 90.502 and concluding that client's identity is privileged where "the disclosure would reveal more than the *name* of the client and could provide a 'substantially probative link' inculpating Davis [the client] on the charge of perjury."). In most circumstances, however, mere identities of clients and the fact of representation are not privileged. "The cases applying the exception have carved out only a limited and rarely available sanctuary . . . ." *In Re: Grand Jury Subpoena M. Randall Peek*, 682 F. Supp. 1552, 1554–55

---

[4] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

(M.D. Ga. 1987); *In Re Witness Before Grand Jury No. 82-5*, 558 F. Supp. 1089 (S.D. Fla. 1983) ("the exception to the general rule that the identity of a client is not privileged is very limited and rarely available"); *see United States v. Goodman, Dunberg & Hochman, P.A.*, 660 F. Supp. 929, 931 (S.D. Fla. 1987) ("the identity of a client is not a legal communication which is protected from disclosure by the attorney-client privilege"); *United States v. Aronson*, 610 F. Supp. 217, 222 (finding identity not privileged because disclosure would not "subject him in any way to criminal repercussions, much less be the last link to the institution of criminal charges").

Because the mere identities of clients and the fact of representation are in general not protected by the attorney-client privilege, and because Plaintiff's claim does not find sanctuary in any of the limited exceptions to this general rule, Defendant's Motion to Compel Better Answers as to Interrogatory No. 2 is **GRANTED**.

Interrogatory No. 3:

The fact of a client referral and the date on which one occurred is not protected by the attorney-client privilege for reasons discussed *supra* regarding the identities of clients and the fact of a representations such as were at issue in Interrogatory No. 2.

Defendant's Motion to Compel Better Answers as to Interrogatory No. 3 is **GRANTED**.

Interrogatory No. 4:

This Interrogatory seeks information about referrals from Plaintiff's lawyers to Plaintiff's doctors. Interrogatory No. 4 does not seek medical records, nor does it seek names or addresses of clients. The Interrogatory provides that "[n]ames of patients and clients may be withheld." (DE 9, p.6). The Interrogatory seeks only the fact of referrals, the number of such referrals, and the dates on which such referrals occurred. By its terms it does not seek any confidential or even

identifying documents or information.

In *Allstate Ins. Co. v. Boecher*, 733 So. 2d 993 (Fla. 1999), the Supreme Court of Florida considered discovery requests to a party about the extent of that party's relationship with its trial expert. The *Boecher* court acknowledged the competing interests of "the need for information concerning potential bias" on the one hand and "the right of the expert to be free from intrusive requests" on the other. *Id.* at 997. It concluded that "where the discovery sought is directed to a party about the extent of that party's relationship with a particular expert, the balance of the interests shifts in favor of allowing the pretrial discovery." *Id.* This information is "directly relevant to a party's efforts to demonstrate to the jury the witness's bias." *Id.* "A jury is entitled to know the extent" of such a relationship and whether it is a continuing relationship with financial benefits. *Id.* at 997. "A party is entitled to argue to the jury" the bias of an expert based on such a relationship. *Id.* at 997–98.

Although Defendant refers to its Interrogatories as "Boecher interrogatories," (DE 9, p.1), Defendant's Interrogatory No. 4 does not seek discovery from a party about that party's relationship with an expert. Rather, Defendant seeks discovery from Plaintiff's lawyers about their relationship with Plaintiff's medical providers who *may* be retained as experts.

> "When a party engages in discovery to obtain facts with which to assault the credibility of an opponent's expert witness it may seek that information from multiple sources including: (1) the expert; (2) the party for whom the expert will testify; (3) the party's insurance company; or (4) the attorney for the party."

*Crable v. State Farm Mutual Auto. Ins. Co.*, No. 5:10-cv-402-Oc-37TBS, 2011 WL 5525361, *3 (M.D. Fla. Nov. 14, 2011). Though Defendant refers to "the star-witness-doctors," (DE 21, p.9),

and the "treating/expert doctors," (DE 9, p.4), it is not yet certain who Plaintiff's experts will be.[5] Nevertheless, Interrogatory No. 4 is proper because Plaintiff's treating doctors are at least likely to be fact witnesses. *See Crable*, 2011 WL 5525361, at *5 (discussing "hybrid" witnesses). Despite the factual distinction between the instant case and *Boecher*, the same interests are present here as they are in *Boecher* and its progeny, namely the entitlement of counsel to argue bias and the right of persons to be free of intrusive requests. Weighing these interests, this Court finds that Interrogatory No. 4 is sought for the proper purpose of investigating a potential witness's bias. *See Crable*, 2011 WL 5525361, at *4 (concluding that to question a plaintiff about any relationship between plaintiff's attorney and plaintiff's expert is "a natural and logical extension of the requirement that defendant insurance companies disclose their financial relationships with their chosen expert witnesses") (quoting and characterizing as dicta language from *Springer v. West*, 769 So. 2d 1068, 1069 (Fla. 5th DCA 2000)).

Defendant's Motion to Compel Better Answers as to Interrogatory No. 4 is **GRANTED**.

Interrogatory No.5:

Plaintiff's filing of a better answer is not sufficient. Plaintiff's answer "that there was no such communication by Plaintiff or Gordon & Doner, P.A.," (DE 13-3, p.2) does not answer the Interrogatory, which asks for information provided to Plaintiff's doctors by Plaintiff or by "a representative" of Plaintiff. (DE 13-3, p.2). Michael C. George, Esq., Plaintiff's prior attorney, apparently comes within the purview of this Interrogatory, (DE 21-1), and Plaintiff's couched answer does not reveal whether Michael C. George, Esq. provided any of the information sought

---

[5] The deadline for Rule 26(a) expert testimony disclosures in this case is not until 90 days before Monday, November 5, 2012. (DE 5, p.3).

6

in Interrogatory No. 5.

Defendant's Motion to Compel Better Answers as to Interrogatory No. 5 is **GRANTED**.

Interrogatory Nos. 6 & 7:

Interrogatory No. 6 seeks information about referrals from Plaintiff's lawyers to Plaintiff's doctors. Interrogatory No. 7 inquires whether Plaintiff's doctors have "ever accepted less than the face amount of their bills in full satisfaction of those bills for other clients" of Plaintiff's lawyers. Plaintiff's objections to these Interrogatories are rejected for reasons similar to those discussed *supra* regarding Interrogatory No. 4. Pretrial discovery regarding the extent of the relationship between a party and the party's experts is appropriate. *Boecher*, 733 So. 2d at 997. "Any limitation on this inquiry has the potential for thwarting the truth-seeking function of the trial process." *Id.* at 998. Such an inquiry extends to the financial relationship between a law firm and a plaintiff's treating physician for the same reasons. *See Crable*, 2011 WL 5525361, at *7 (where law firm referred its client to a treating doctor in connection with the litigation, law firm ordered to produce invoices from doctor to law firm for treatment of 176 of law firm's clients). "The more extensive the financial relationship between a party and a witness, the more likely it is that the witness has a vested interest in that financially beneficial relationship continuing." *Boecher*, 733 So. 2d at 997. "To limit this discovery would potentially leave the jury with a false impression concerning the extent of the relationship between the witness and the party . . . . This limitation thus has the potential for undermining the truth-seeking function and fairness of the trial." *Id.* at 998. Though at present Plaintiff's doctors are not formally disclosed as Plaintiff's expert witnesses, the discovery sought concerning Plaintiff's doctors and Plaintiff's lawyers as defined in the Interrogatories is appropriately tailored to the Plaintiff's entitlement to

discover information about bias.

Defendant's Motion to Compel Better Answers as to Interrogatory Nos. 6 & 7 is **GRANTED**.

## II. Plaintiff's Motion for Protective Order

Plaintiff's Motion for Protective Order does not, as is required by Rule 26, "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c); *see also* S.D. Fla. L.R. 7.1(a)(3) (pre-filing conference and certification "[a]t the end of the motion, and above the signature block" required of counsel). While Rule 26(c) permits a court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Plaintiff does not claim that he is subject to annoyance, oppression, undue burden, or expense. Rather, Plaintiff's Motion restates and argues Plaintiff's privilege-based objections to Defendant's Interrogatories (and adds new ones). Plaintiff has failed to establish good cause. His Motion for Protective Order is **DENIED**.

## CONCLUSION

For all of the foregoing reasons, it is **HEREBY ORDERED AS FOLLOWS**:

Defendant's Motion to Overrule Plaintiff Jonathan Norfolk's Objections and Compel Plaintiff Jonathan Norfolk's [sic] to Provide Better answers to Boecher Interrogatories, (DE 9), as to Interrogatory Number 1 is **DENIED**.

Defendant's Motion to Overrule Plaintiff Jonathan Norfolk's Objections and Compel Plaintiff Jonathan Norfolk's [sic] to Provide Better answers to Boecher Interrogatories, (DE 9),

as to Interrogatory Numbers 2, 3, 4, 5, 6, and 7 is **GRANTED**.

Plaintiff's Motion for Protective Order is **DENIED**.

Plaintiff shall provide to Defendant the information sought pursuant to this **ORDER** no later than **two weeks** from the date of this **ORDER**.

**DONE** and **ORDERED** in Chambers this 12 day of July, 2012, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Daniel T. K. Hurley
All Counsel of Record